**CINCINNATI (City), Appellant v BRADFORD MACHINE TOOL CO., Appellee.**

Ohio Appeals, 1st District, Hamilton County.

No. 6218. Decided November 30, 1942.

**152**

John D. Ellis, Cincinnati, Nathan Solinger, Cincinnati, and. Robert J. White, Cincinnati, for appellant.

Waite, Schindel & Bayless, Cincinnati, for appellee.

## OPINION

BY THE COURT:

This is an appeal by the City of Cincinnati from an award of attorneys' fees and a cross-appeal by The Bradford Machine Tool Company from an award of expenses as a part of the costs in an appropriation proceedings that had been abandoned.

It is conceded that the Court had jurisdiction to make the awards under §3697 GC. Only the amounts are questioned. The City of Cincinnati claims the Court allowed too much and The Bradford Machine Tool Company claims it was allowed too little.

The awards were made by the Judge who presided in the trial of the appropriation proceedings. It is asserted that he based his allowance of attorneys' fees on the assumption that the amount awarded by the jury had been paid. or, at least, that he gave too much weight to that thought, and as to the disallowed items it is contended by the cross-appellant that the Court without justification reduced the amount of claim for services of an accountant and an engineer employed by it. and entirely disallowed its claim based on a valuation of the time devoted to this subject by three of its executive officers. However, as to this latter item, we fail to find any evidence that these executive officers were paid any additional compensation by the cross-appellant because of the added burden imposed by this litigation or that the cross-appellant was bound to pay them.

An examination of this record fails to disclose any bias or prejudice on the part of the trial judge or any other departure from the correct judicial attitude. There is no claim that there was.

We find no mistaken view of the law that would have interfered with the exercise of a sound discretion.

The record therefore presents the sole question of whether the amount of the award was wrong which presents a question of degree. The trial judge was personally familiar with much of the

work for which compensation was asked and was, therefore, in a much better position to determine its value than this court could possibly place itself by a reading of this record.

While the award to the attorneys is large, there is no doubt that skillful and painstaking services were rendered resulting in the successful termination of the litigation. This Court would not be justified in substituting its judgment for that of the trial judge as to the monetary value of these services.

The judgment is affirmed.

MATTHEWS, PJ., ROSS & HAMILTON, JJ., concur.