**COLUMBUS (City), Plaintiff, v. RUGG et, Defendants.**

Common Pleas Court, Franklin County.

No. 184829.   Decided July 14, 1953.

John F. Carlisle, City Atty., B. N. Murray, Columbus for defendants.

## OPINION

By BARTLETT, J.

1. Motions of all defendants, under §3697 GC, to retax the costs, and to determine reasonable attorney fees and other proper expenses incurred by the defendants to be included in said costs, sustained, where the City of Columbus abandoned an appropriation proceeding, after the assessment of compensation had been made.

2. The Court fixes a reasonable attorney fee of $3882.92 to be paid by the City of Columbus to John F. Carlisle as counsel for the defendants, Cora Rugg, Ethel M. Young and Henry L. Young; and a reasonable attorney fee of $4000.00 to be paid by said city to B. N. Murray as counsel for the defendant, Dayton M. Rugg.

3. The Court further finds that all of said defendants incurred the further proper expense of $2250.00 in the employment and use of expert appraisers and witnesses; and that Dayton M. Rugg incurred the further proper expenses attending court, luncheons $6.80, parking car $2.25 and mileage to and from court, 270 miles $16.60.

4. The Court orders the Clerk of Courts to retax the costs herein, and to include therein the aforesaid attorney fees amounting to $3882.92 and $4000.00 respectively, the proper expense incurred by all the defendants in the sum of $2250.00 as expert appraisers and witness fees, and the further expense of Dayton M. Rugg in attending court, luncheons $6.80, parking car $2.25 and mileage $16.20.

The facts in substance are that the City of Columbus appropriated the farm of the defendants in Blendon Township as a site for a filteration plant for the City Water Works; and thereafter abandoned said appropriation, by its failure to pay or take possession of said farm, within six months after the assessment of compensation had been made. Sec. 3697 GC, provides that under such circumstances, such land shall be relieved of all incumbrance on account of such proceeding, and the judgment or order of the Court directing such assessment to be paid shall cease to be of any effect, "except as to the costs adjudged against the corporation. Upon the motion of any defendant, such costs may be retaxed and a rea-

sonable attorney's fee paid to the attorney of such defendant, which, together with any other proper expenses incurred by the defendant, may be included in the costs."

The matter before the Court is such a motion by each of the defendants, to retax said costs, fix reasonable attorney fees and determine any other proper expenses incurred by the defendants, to be included in such costs, after an oral hearing on said motion as disclosed by the record.

A reasonable attorney fee may be recovered. Louisville and N. R. Co. v. Farmers and S. L. & Warehouse Co. 5 O. L. Rep. 530; **Cincinnati v. Bradford Machine Tool Co., 38 Abs 151**; the reasonableness of the attorney fee to be determined by the court. Wiles v. Logan Natural Gas and Fuel Co., 6 C. C. (N. S.) affirmed without opinion. **72 Oh St 628**; and Cincinnati v. Thrall, et al. 6 N. P. 158.

Reasonable fees paid or to be paid expert witnesses may be recovered. Louisville and N. R. Co. v. Farmers, etc., Warehouse Co. and Wiles v. Natural Gas and Fuel Co., supra. Traveling expenses to trial may be recovered, and a livery bill when attendance of witnesses were facilitated. **15 O. Jur., p. 969.**

In addition, the defendants claim their proper expenses include damages, loss of time, etc., interest on the assessment, etc.

The City may abandon proceedings to appropriate property, without being liable for damages therefor. **James v. City of Toledo, 24 Oh Ap 268**; Jack v. Lake Erie, etc., R. R. Co. 19 C. C. (N. S.) 249.

The term "expenses" does not include damages. **Farkas v. Fulton, Supt., 130 Oh St 390, 395.**

Loss of time is not included under the phrase "proper expenses incurred" as used in §3697 GC unless a showing is made that such person paid or was obligated to pay for the time devoted to the proceeding. Cincinnati v. Bradford Machine Tool Co., supra; and by no stretch of the imagination can such phrase be construed to cover interest on the assessment.

"In Black's Law Dictionary (3 Ed.), * * * 'expense' is defined as 'that which is expended, laid out or consumed; an outlay; charge; cost, price' combining the two definitions, 'traveling expenses' are, strictly speaking, expenditures made in going from one place to another at a distance."

**State ex rel. v. Ferguson, 149 Oh St 555, 557.**

"The phrase 'expenses incurred,' considered apart from any context, does not express the idea of compensation earned, for strictly speaking, an 'expense' signifies something—usually money paid out or disbursed, an 'incur' means to assume, contract for, or become liable or subject to through one's own

action; as an obligation or liability. To use the two words to convey the meaning of an obligation for compensation for services which either has been or will be met and satisfied is incorrect, yet such a meaning has been attached in more than one instance to them. * * *"

In Regina v. Kingston upon Hull, 2 Ell & Bl., 182, the town clerk sought to charge the overseers of the poor for his duties performed, under a statute which required the parish officers to repay him his "expenses incurred," it was held by the Queen's Bench that these words did not apply to remuneration for his labor. Lord Campbell said:

"But there is not a particle of doubt, 'Expenses incurred' means simply money which the town clerk has had to pay. He wants to charge for his time. No doubt he has been very usefully employed; but that is not incurring an expense."

It is interesting to note that §11060 GC, governing the abandonment of such appropriation by private corporations, enacted as 72 O. L. 71, Sec. 10, covered "expenses, including time spent and attorney fees incurred"; but that §3697 GC, enacted many years later and covering the abandonment of such appropriation by a municipal corporation, omitted the words "time spent" when enacted as 96 O. L. 30, Sec. 22. (Emphasis ours.)

It is a general rule that statutes implementing the power of eminent domain must be strictly construed. Cincinnati v. Vester, 281 U. S. 438; Farber v. Toledo, 104 Oh St 196.

This Court has searched diligently for authority on which to afford relief to the defendants for their loss of time and inconvenience due to the city's abandonment of this project; but finds itself constrained to admit that "It is not the province of this court to confer upon the defendant by judicial construction a right not given to him by the words which the general assembly has used." City of Euclid v. Vogelin, et al., 152 Oh St 538, 546.

The Court accordingly allows a reasonable attorney fee of $3882.92 to John F. Carlisle as counsel for Cora Rugg, Ethel M. Young and Henry L. Young; such a fee of $4000.00 to B. N. Murray as counsel for Dayton M. Rugg; a fee of $2250.00 for expert appraisers and witnesses employed and used by all the defendants; further expenses of Dayton M. Rugg in attending court, luncheons $6.80, parking car near Court House $2.25; and mileage to and from court, 270 miles, $16.20; and all other claims of defendants are denied, as not within the phrase "other proper expenses incurred" as used in §3697 GC.

Entry accordingly with exceptions by any and all parties desiring the same.