[Cite as *Canton v. Irwin*, 2012-Ohio-344.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CITY OF CANTON

       Plaintiff-Appellant

-vs-


ELAINE R. IRWIN, et al.,

       Defendants-Appellees

|  |  |
|---|---|
| : | JUDGES: |
| : | William B. Hoffman, P.J. |
| : | Sheila G. Farmer, J. |
| : | Julie A. Edwards, J. |
| : |  |
| : | Case No. 2011CA00029 |
| : |  |
| : |  |
| : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas, Probate Division, Case No. 206416 |
| JUDGMENT: | Affirmed In Part and Reversed and Remanded In Part |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellant

KEVIN R. L'HOMMEDIEU
THOMAS A. BURNS
Canton Law Department
218 Cleveland Avenue
Canton, Ohio 44701-4218

For Defendants-Appellees

WARNER MENDENHALL
190 North Union Street, Suite 201
Akron, Ohio 44304

*Edwards, J.*

**{¶1}**   Appellant, the City of Canton, appeals a judgment of the Stark County Common Pleas Court, Probate Division, awarding appellee Elaine Irwin $29,055.00 in attorney fees, costs and expenses incurred in defending appellant's complaint for appropriation of appellee's property.

STATEMENT OF FACTS AND CASE

**{¶2}**   Appellant filed the instant action on June 18, 2009, seeking a perpetual easement in property owned by appellee for the purpose of constructing a twenty-foot wide public drainage right of way.  Following a hearing in the Probate Court on October 21, 2009, to determine the necessity of the easement, the court found that there was no public necessity for the appropriation by judgment entry filed January 27, 2010.

**{¶3}**   On February 22, 2010, appellee filed an application for fees and costs. She requested a total of $25,812.50 in attorney fees payable to Attorneys Mendenhall and Corgan, which each billed for their services at a rate of $250 per hour.  She also requested expert witness fees of $7,250.00, a transcript fee of $255.00 and fees for Attorney Mendenhall's assistant of $135.00.

**{¶4}**   The court held a hearing at which both parties called local attorneys to testify regarding the reasonable legal fee rates in Stark County.  Appellee's expert, Dimitrious Pousolides, testified that the hours expended were reasonable, as was a fee of $250.00 an hour for Attorneys Mendenhall and Corgan based on the difficulty of the case and their particular experience with eminent domain cases.  He also testified that it was reasonable to hire an expert early in this type of case.

**{¶5}** Appellant's expert, Craig Conley, testified that $175.00 per hour for Attorney Mendenhall and $150.00 per hour for Attorney Corgan were reasonable fees. He testified that the time spent on the case was unreasonable. He also testified that hiring an expert early in this case was not necessary, and he always tells his clients and the court that he "knows everything." Tr. 50.

**{¶6}** The court found that a rate of $250.00 per hour was reasonable for the attorneys in this case, but found that not all of the hours expended were reasonable. Accordingly, the court awarded attorney fees in the amount of $21,550.00. The court found that Robert Smith, the expert employed by appellee, assisted with engineering issues in the case and awarded fees of $7250.00 as a reasonable expense of the case. The court also awarded the transcript fee of $255.00, for a total award for costs, fees and expenses pursuant to R.C. 163.09(G) of $29,055.00. Appellant assigns three errors on appeal:

**{¶7}** "I. BECAUSE THERE WAS ALMOST NO EVIDENCE REGARDING HER SKILL, EXPERIENCE, AND REPUTATION, THE TRIAL COURT'S DECISION TO AWARD ATTORNEY FEES AT A RATE OF $250 PER HOUR FOR CORGAN'S WORK WAS ARBITRARY AND UNREASONABLE.

**{¶8}** "II. THE TRIAL COURT ERRED IN INTERPRETING R.C. 163.09(G) BY EXPANDING "EXPENSES AND COSTS" TO INCLUDE EXPERT FEES WITHOUT THE SPECIFIC STATUTORY AUTHORIZATION TO DO SO.

**{¶9}** "III. EVEN IF R.C. 163.09 ALLOWED FOR AN AWARD OF EXPERT FEES, THE TRIAL COURT'S DECISION TO AWARD $7,250 FOR IRWIN'S EXPERT WAS NOT REASONABLE."

I

{¶10} Appellant argues that the court erred in finding that Attorney Corgan's rate of $250 per hour was reasonable because there was no evidence presented concerning her skill, experience, background, education and reputation.

{¶11} "It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Bittner v. Tri-County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464, quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.* (1985), 23 Ohio App.3d 85, 91, 491 N.E.2d 345. "There are over 100 separate statutes providing for the award of attorney's fees; and although these provisions cover a wide variety of contexts and causes of action, the benchmark for the awards under nearly all of these statutes is that the attorney's fee must be 'reasonable'." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* (1986), 478 U.S. 546, 562, 106 S.Ct. 3088, 3096, 92 L.Ed.2d 439.

{¶12} "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, see supra, at 1939-1940, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims". *Hensley v. Eckerhart* (1983) 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40. [Footnotes omitted].

{¶13} "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart* (1983), 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40. See, also *Bittner v. Tri-County Toyota, Inc.,* supra, 58 Ohio St.3d at 145, 569 N.E.2d at 466.

{¶14} To establish the number of hours reasonably expended, the party requesting the award of attorney fees "should submit evidence supporting the hours worked...." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. The number of hours should be reduced to exclude "hours that are excessive, redundant, or otherwise unnecessary" in order to reflect the number of hours that would properly be billed to the client. Id. at 434, 103 S.Ct. at 1939-40. A reasonable hourly rate is defined as "the 'prevailing market rate in the relevant community.'" *Blum v. Stenson* (1984), 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891.

{¶15} The party requesting an award of attorney fees bears the burden "to produce satisfactory evidence-in addition to the attorney's own affidavit-that the requested rate [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, supra 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11,

{¶16} Once the trial court calculates the "Lodestar figure," it could modify the calculation by applying the factors listed in DR 2-106(B)[1]. *Landmark Disposal Ltd. v. Byler Flea Market,* Stark App. No. 2005CA00294, 2006-Ohio-3935, paragraph 14, citing

1 Now Prof. Cond. Rule 1.5

Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 464. [Hereinafter "Landmark Disposal I "].

{¶17} To enable an appellate court to conduct a meaningful review, "the trial court must state the basis for the fee determination." *Bittner,* 58 Ohio St.3d at 146, 569 N.E.2d 464. In *Bittner,* the Ohio Supreme Court held:

{¶18} " * * * the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B). These factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation." *Bittner,* 58 Ohio St.3d at 145-146, 569 N.E.2d 464.

{¶19} In the instant case, appellee submitted a resume of Attorney Jacquenette Corgan as an attachment to her post-trial memorandum. However, this resume is not attested to or of affidavit quality, and therefore is not evidence. The fee statement as submitted to the court does not delineate hours worked by Corgan and hours worked by Mendenhall. Mendenhall testified that he could separate out the hours but it would take

some time, and it did not matter because they both billed at a rate of $250 per hour. Tr. 24.

**{¶20}** The only evidence presented concerning Attorney Corgan was that she was admitted to the Ohio Bar in 2000, practiced as an associate in Mendenhall's law firm from 2005 through 2009, and has since continued to work with Mendenhall in an independent capacity. Corgan withdrew from the case on September 8, 2009. The trial court based its finding that the rate was reasonable on Attorney Mendenhall's experience:

**{¶21}** "The Court finds that the reasonable hourly rate for Attorney Mendenhall is $250.00 per hour based upon the complex nature of the case, the successful results obtained, the fee customarily charged by in the locality for similar legal specialization, the recent changes in Ohio's eminent domain statute, the novelty of the issues involved in the case, and their experience and reputation in gaining successful outcomes in eminent domain and appropriations cases." Judgment Entry, January 14, 2011, page 5.

**{¶22}** The court erred in finding $250.00 per hour to be a reasonable rate attributable to Attorney Corgan without any evidence before the court of her experience, reputation and ability. The first assignment of error is sustained.

II

**{¶23}** Appellant argues that R.C. 163.09(G) does not contemplate an award of expert witness fees as "expenses" and the court erred in awarding appellee $7,250.00 for Robert Smith.

**{¶24}** R.C. 163.09(G) provides:

**{¶25}** "(G) If the court determines the matter in the favor of the owner as to the necessity of the appropriation or whether the use for which the agency seeks to appropriate the property is a public use, in a final, unappealable order, the court shall award the owner reasonable attorney's fees, expenses, and costs."

**{¶26}** There is an absence of case law in Ohio interpreting the meaning of the word "expenses" as used in this statute. Appellant argues that had the legislature intended to include expert witness fees, such fees could have been expressly provided for as they are in other place in the Ohio Revised Code.

**{¶27}** In 1953, the Court of Common Pleas for Franklin County determined that under a prior version of the statute, Gen. Code 3697, reasonable fees paid to expert witnesses could be recovered as an expense. *City of Columbus v. Rugg* (1953), 126 N.E.2d 613, 69 Ohio Law Abs. 573. The court noted that statutes implementing the power of eminent domain must be strictly construed. Id., citing *City of Cincinnati v. Vester*, 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed.2d 950; *Farber v. City of Toldeo*, 104 Ohio St. 196, 135 N.E.533.

**{¶28}** In *Fortner v. Ford Motor Company* (February 9, 1998), Stark App. No. 1997CA00177, 1998 WL 172862, this Court considered an argument that litigation expenses including acquisition of an expert witness incurred in conjunction with a Lemon Law claim could be recovered. We based this conclusion on the fact that R.C. Chapter 1345 was a remedial statute, enacted to protect consumers:

**{¶29}** "The intent of the statute clearly is to make the consumer whole, and to restore the purchaser to a position he or she occupied before acquiring the lemon." Id. at page 1.

**{¶30}** Similarly, we find that R.C.163.09(G) is a statute intended to make the landowner whole. In a case in which the court finds that the appropriation was not necessary or that the use is not a public use, the landowner is entitled to recover the costs, fees and expenses he or she had to incur in order to defend against the taking. We find that because the issues often involve expertise beyond the knowledge of a layperson, in a case that is beyond the knowledge of an average layperson where the use of an expert is necessary to an understanding of the case, expert witness fees may be recovered.

**{¶31}** The second assignment of error is overruled.

III

**{¶32}** Appellant argues there is no evidence to demonstrate that Smith was an expert, that his services were necessary, or that his rate was reasonable.

**{¶33}** The trial court found:

**{¶34}** "Further, the Court finds the expert fees of $7,250.00 paid by Defendant to Robert Smith to be a reasonable expense of the case. Attorney Mendenhall testified that Mr. Smith is a real estate broker and expert on property evaluation who assisted him with the engineering issues in the case." Judgment Entry, January 14, 2011, p. 6-7.

**{¶35}** The services Smith provided to Attorney Mendenhall were in the nature of consultation services to gain an understanding of the issues surrounding the appropriation. Bills from Smith were attached to the application for an award of attorney fees filed on February 22, 2010.

{¶36} Attorney Pousalides testified that Smith's early involvement in the case was reasonable and necessary. Tr. 7. He testified that Smith had qualified as an expert in eminent domain cases in Summit County. Id.

{¶37} Attorney Conley admitted that the ability of appellee's attorneys to understand the engineering issues was paramount to defeating the appropriation. Although Conley initially stated that it was probably not reasonable to hire an expert, he later conceded that it was reasonable for an attorney to hire someone to help craft arguments about engineering, platting and development. Tr. 48-50.

{¶38} The City mounted no real challenge to Smith's bill, questioning solely the necessity of hiring someone to assist counsel in understanding the issues in the case. There is no evidence to suggest that Smith did not actually work the hours claimed in the fee statement. We find it was not necessary to turn this into a "second mini litigation" concerning the expertise of Smith. Counsel represented to the court that he needed Smith's assistance in preparing for the case. Tr. 57. The court did not err in finding this expense to be reasonable.

{¶39} The third assignment of error is overruled.

{¶40} The judgment of the Stark County Common Pleas Court, Probate Division, is affirmed in part and reversed in part. This cause is remanded to that court for further proceedings according to law.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CITY OF CANTON                          :
                                        :
                Plaintiff-Appellants    :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
ELAINE R. IRWIN, et al.,                :
                                        :
                Defendants-Appellees    :        CASE NO. 2011CA00029


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed in part, and reversed and remanded in part. Costs assessed 67% to appellant and 33% to appellees.


_____

_____

_____
                                  JUDGES