[Cite as *Cuspide Properties, Ltd. v. Earl Mechanical Servs., Inc.*, 2017-Ohio-5680.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Cuspide Properties, Ltd.                                    Court of Appeals No. L-16-1141

      Appellee                                              Trial Court No. CI0200805503

v.

Earl Mechanical Services, Inc.                      **DECISION AND JUDGMENT**

      Appellant                                             Decided:  June 30, 2017

* * * * *

Fritz A. Byers, for appellee.

Erik G. Chappell, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Earl Mechanical Services, Inc., hereinafter  "Earl Mechanical," appeals from the June 9, 2016 judgment of the Lucas County Court of Common Pleas ordering appellant to pay attorney fees to appellee, Cuspide Properties, Ltd., hereinafter "Cuspide," in the amount of $26,000.  For the reasons which follow, we reverse.

{¶ 2} This case arose out of a 2006 contract between Earl Mechanical and Community ISP, hereinafter "CISP," for installation of equipment on real property CISP leased from Cuspide for the operation of its business. After the completion of the project, Earl Mechanical demanded an additional sum due to alleged changes in the contract. CISP refused to pay and, in 2007, Earl Mechanical filed a mechanic's lien on the lessee interest of CISP and the lessor interest of Cuspide.

{¶ 3} In 2008, Cuspide sued Earl Mechanical asserting two claims: quiet title and slander of title. Earl Mechanical joined CISP as a party and asserted numerous counterclaims against both companies. In 2012, summary judgment was granted to Cuspide and CISP. The only remaining issue for trial was the issue of the amount of damages to be awarded to Cuspide on its slander of title claim.

{¶ 4} In 2013, the trial court found: First, that there was no evidence presented that Cuspide suffered any damage as a result of the lien and there was no evidence establishing the specific amount of attorney fees Cuspide incurred in connection with clearing the cloud on its title. Secondly, the trial court found there was no evidence to support an award of attorney fees for prosecution and defense of this action due to Earl Mechanical's bad faith because Cuspide had presented only evidence of a retainer fee and no evidence of the specific legal services rendered and the hourly rate from which the court could determine the necessity (i.e., invoices detailing services or documentation of payments) and the reasonableness of the attorney fees. Because Cuspide indicated it had no intention of calling any further witnesses to testify at a hearing on the issue of

damages, the trial court concluded an evidentiary hearing was unwarranted and Earl Mechanical was entitled to summary judgment on the issue of damages.

{¶ 5} On appeal, we upheld the trial court's prior judgments in all respects except the denial of damages in the slander of title claim. We found that Cuspide was not required to differentiate its attorney fees between its two claims because they involved a common core of facts. We remanded the case to the trial court to determine whether Cuspide could prove its attorney fees incurred in connection with its slander of title action and the amount.

{¶ 6} On remand, the trial court held a hearing on the damages issue. Cuspide indicated the only issue before the court was the recovery of special damages (attorney fees) incurred in connection with the quiet title action because it was no longer asserting that Earl Mechanical acted in bad faith. Earl Mechanical argued the issue was not simply a determination of the amount of the fees, but whether such fees are reasonable as to the hourly rate and the total number of hours spent.

{¶ 7} The only evidence presented was the testimony of Jeffrey Klingshirn, owner and managing partner of Cuspide, and 70 percent owner and CEO of CISP. Klingshirn is not an attorney. He testified that since 2003, CISP pays an attorney a $5,000 monthly retainer to manage the legal affairs of CISP. CISP also manages the technology that attorney uses for computers and only charges for certain services. Cuspide was not involved in that agreement. Klingshirn has never received an itemized bill from the attorney for the legal work completed for CISP.

3.

{¶ 8} When the present litigation arose, Klingshirn determined, as a top manager for both companies, that a single lawyer would be used to represent both companies to save costs. Klingshirn and the same attorney estimated the proportion of the attorney's time that would need to be devoted to the Cuspide litigation and Cuspide entered into a written agreement dated July 10, 2008, to pay CISP $1,000 a month toward its share of the attorney fees during the months the attorney actually worked on the case, which totaled $26,000 in November 2012. From November 2012 until the date of the hearing, Klingshirn testified an additional $12,000 in attorney fees were incurred based under the same arrangement for the attorney fees related to the appeal. Klingshirn further testified that he was familiar with the legal work completed and was satisfied with the result. He believed the fee of $26,000 was reasonable and necessary based on his experience with other legal work done for him.

{¶ 9} Following the hearing, the trial court awarded Cuspide $26,000 in attorney fees. The trial court found the testimony of Klingshirn was sufficient to establish the necessity and reasonableness of the attorney fees. Furthermore, the trial court itself took judicial notice of its docket in this case and determined the attorney fees of $26,000 were reasonable and necessary. The trial court found there was insufficient evidence to establish that the additional $12,000 in attorney fees incurred in connection with the appeal were reasonable.

4.

{¶ 10} Earl Mechanical appeals asserting the following assignments of error:

A.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED $26,000.00 IN ATTORNEY FEES TO PLAINTIFF/ APPELLEE.

B.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT PLAINTIFF/APPELLEE PRESENTED SUFFICIENT EVIDENCE TO PROVE DAMAGES IN THE AMOUNT OF $26,000.00 IN ATTORNEY FEES.

C.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED PLAINTIFF/APPELLEE ATTORNEY FEES INCURRED IN DEFENSE OF THE DEFENDANT/APPELLANT'S COUNTERCLAIMS.

{¶ 11} We begin by addressing the second assignment of error out of order.  Earl Mechanical argues the trial court's award of attorney fees was unsupported by the evidence.

{¶ 12} As we found in our prior decision, Cuspide could recover its attorney fees incurred to remove a cloud on title to property as special damages in its slander of title action.  *Cuspide Properties Ltd. v. Earl Mechanical Services*, *Inc.*, 6th Dist. Lucas No. L-14-1253, 2015-Ohio-5019, 53 N.E.3d 818, ¶ 40, citing *Green v. Lemarr,* 139 Ohio App.3d 414, 435, 744 N.E.2d 212 (2d Dist.2000).  To recover special damages, the party seeking an award of attorney fees bears the burden to produce evidence proving the necessity and reasonableness of the number of hours worked and the reasonableness of

5.

the attorney's hourly rate. *City of Canton v. Irwin*, 5th Dist. Stark No. 2011CA00029, 2012-Ohio-344, ¶ 14-15, quoting *Blum v. Stenson*, 465 U.S. 886, 895, fn. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

{¶ 13} Even in contingent fee situations, the court must find the attorney fees were necessary and reasonable before the attorney can recover for his services. R.C. 2323.51(B)(3)(a) provides that attorney fees awarded for party affected by frivolous conduct in civil cases must be determined based on the reasonable fees which would have been incurred under an hourly fee basis when the party is represented on a contingent fee basis. We see no reason why a retainer fee should not be evaluated in the same manner. While the prevailing party may be willing to agree to pay a retainer fee rather than an itemized bill for legal services rendered, there is no rationale for requiring the defeated party to pay attorney fees beyond what was actually necessary and reasonable.

{¶ 14} If sufficient evidence was presented to allow the trial court to arrive at a reasonable attorney fee award, we will not overturn the trial court's decision without a showing of an abuse of discretion. *Gilson v. Am. Inst. of Alternative Medicine*, 2016-Ohio-1324, 62 N.E.3d 754, ¶ 115 (10th Dist.); *Brady v. Hickman & Lowder Co.*, 8th Dist. Cuyahoga Nos. 83041, 83989, 2004-Ohio-4745, ¶ 30.

{¶ 15} An objective starting point for determining the necessary and reasonable attorney fees is the number of necessary and reasonable hours expended multiplied by the prevailing hourly rate in the community. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991); *William E. Weaner & Assocs., LLC v. 369 W. First St.,*

6.

*LLC*, 2d Dist. Montgomery No. 26792, 2016-Ohio-8077, ¶ 27; *Gisbrecht v. Barnhart*, 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). After determination of this lodestar figure, the court may adjust the attorney fee award after considering the additional relevant factors listed in Prof.Cond.R. 1.5(a). *Bittner* (applying DR 2-106(B)); *Weaner*, ¶ 30; *Gilson*, ¶ 117.

{¶ 16} Therefore, the party seeking attorney fees must present evidence summarizing the work performed, the number of hours involved, the hourly rate charged, and the nature of the work involved. *City of Canton v. Irwin,* 5th Dist. Stark No. 2011CA00029, 2012-Ohio-344, ¶ 14. Furthermore, there must be independent and unbiased expert evidence of the prevailing rate in the community for similar services. *Natl. City Bank v. Semco Inc.,* 3d Dist. Marion No. 9-10-42, 2011-Ohio-172, ¶ 30; *Kline v. Intl. Excavating & Trucking, Ltd*., C.P. No. CV 2014 06 2663, 2014 Ohio Misc. LEXIS 1288, *8 (Dec. 31, 2014). Without this foundational evidence, the trial court's determination of the amount of necessary and reasonable attorney fees is arbitrary and unsupported by the record. *Semco*; *Kline*.

{¶ 17} Because of the factual nature of determining necessary and reasonable attorney fees as special damages, a court generally cannot take judicial notice of its docket to make that determination. *In re Estate of Verbeck*, 173 Ohio St. 557, 558-559, 184 N.E.2d 384 (1962); *Brandon/Wiant Co. v. Teamor*, 135 Ohio App.3d 417, 422, 734 N.E.2d 425 (8th Dist.1999), citing *Gioffre v. Simakis*, 72 Ohio App.3d 424, 428, 594 N.E.2d 1013 (10th Dist.1991). An exception may be made in cases where the trial court

7.

can determine the necessity and reasonableness of the attorney fees as a matter of law. *Wolk v. Wolk*, 7th Dist. Mahoning No. 98 CA 127, 2001 Ohio App. LEXIS 4540, *16 (Sept. 25, 2001); *Brandon/Wiant*. An exception has also been made in cases where the fee was nominal and the services were primarily rendered in the court's presence. *Taylor v. Taylor*, 2d Dist. Miami No. 2014-CA-21, 2015-Ohio-701, ¶ 38; *Gruber v. Gruber*, 6th Dist. Ottawa No. OT-10-003, 2011-Ohio-4049, ¶ 14.

{¶ 18} In the case before us, Cuspide failed to present any evidence of the number of hours expended in removing the cloud on the title to its property or the hourly rate for the attorney's services. Cuspide presented only evidence of the total retainer fee paid for representation related to both of its causes of action and its defense against Earl Mechanical's counterclaims. Furthermore, only Klingshirn testified as to the reasonableness of the fee. Therefore, we find Cuspide did not present the necessary evidence from which the trial court could exercise its discretion to determine the amount of attorney fees to be awarded. Furthermore, we find the trial court abused its discretion when it took judicial notice of its docket to assess the necessity and reasonableness of the retainer attorney fees. Appellant's second assignment of error is well-taken.

{¶ 19} Earl Mechanical's first and third assignments of error are flawed in their presentation. Earl Mechanical presented a first assignment of error stating the trial court abused its discretion in awarding attorney fees to Cuspide. However, under that assignment of error, Earl Mechanical presented arguments related solely to its stated third assignment of error that the trial court erred in awarding attorney fees which would have

8.

been incurred in defending against the counterclaims of Earl Mechanical. Furthermore, Earl Mechanical did not include any argument in support of its third assignment of error. Therefore, we conclude the first and third assignments of error address the same issue and, in light of our holding as to the second assignment of error, we find both the first and third assignments of error moot.

{¶ 20} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed. We remand this matter for proceedings consistent with this decision. Appellee is hereby ordered to pay the court costs incurred on appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                              JUDGE
Thomas J. Osowik, J.

                                       _____
Christine E. Mayle, J.                        JUDGE
CONCUR.

                                       _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.