OPINION
{¶ 1} In Case No. 2005CA00294, plaintiff-appellant Landmark Disposal, LTD ("Landmark") appeals the October 17, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which awarded Landmark attorney fees significantly less than the amount sought. Defendants-appellees are Byler Flea Market, et al ("Byler").
 {¶ 2} In Case No. 2005CA00291 defendants-appellants Byler Flea Market, et al. appeal the same judgment entry with respect to the order for Byler to pay attorney fees, as well as the trial court's denial of Byler's motion for directed verdict at trial.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In the spring of 2000, Byler entered into a five year renewable service agreement with Landmark. The service agreement provided Landmark would provide trash disposal services for Byler Flea Market in Hartville, Ohio. In exchange for weekly pickup of 30 95-gallon garbage totes, Byler would pay a monthly rate of $606.20. On May 3, 2000, the parties executed a service agreement changing the number of trash containers to thirty-five. Within two weeks of that request, Byler asked Landmark to provide twice a week pickup. Another service agreement dated on May 16, 2000, which indicated these changes, was never signed by Byler.
 {¶ 4} In June, 2003, Byler signed a contract with another waster hauler to service the property, using larger containers, at a rate of $760/month. After executing that contract, Byler informed Landmark of the cancellation of the contract, citing poor service as the reason.
 {¶ 5} On March 11, 2004, Landmark filed a Complaint in the Stark County Court of Common Pleas, asserting a claim of breach of contract as well as a claim for attorney fees as authorized by the contract. Byler filed a timely answer, requesting a jury trial. The trial court bifurcated the claim for attorney fees from the claim for breach of contract. The matter proceeded to trial in March, 2005. Byler filed a written motion and orally moved for directed verdict at the close of Landmark's case-in-chief, and renewed the motion orally at the close of her case-in-chief, arguing the term of the subject contract was month-to-month rather than a contract for five years. The trial court denied the motion on both occasions. After hearing all the evidence and deliberations, the jury rendered a verdict in favor of Landmark on its claim for breach of contract in the amount of $1,403.88. The jury did not award liquidated damages to Landmark as specified in the contract. The trial court memoralized the verdict via Judgment Entry on Verdict filed March 29, 2005.
 {¶ 6} On July 22, 2005, the trial court conducted an evidentiary hearing on Landmark's claim for attorney fees. Landmark presented evidence of fees totaling $38,849.18. Via Judgment Entry filed October 17, 2005, the trial court found Landmark was entitled to reasonable attorney fees in the amount of $18, 530.00.
 {¶ 7} It is from this judgment entry Landmark appeals, raising as its sole assignment of error:
 {¶ 8} "I. WHEN A CONTRACT PROVIDES THAT A BREACHING PARTY SHALL BE LIABLE FOR THE REASONABLE ATTORNEY FEES INCURRED BY THE OTHER PARTY IN ENFORCING THE CONTRACT, A TRIAL COURT THAT DETERMINES THE AMOUNT OF THE FEES MUST AWARD THE REASONABLE FEES INCURRED IN THAT ENFORCEMENT. A COURT ABUSES ITS DISCRETION IN DISALLOWING SUBMITTED FEES WITHOUT EXPLANATION OR IN DISALLOWING FEES AS NON-RECOVERABLE WHEN THEY RELATE TO WORK NECESSARY TO ENFORCING THE CONTRACT."
 {¶ 9} Byler also appeals raising as error:
 {¶ 10} "I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF MRS. BYLER, BY NOT GRANTING HER MOTIONS FOR DIRECTED VERDICT THAT THE SERVICE AGREEMENT WAS A PERIODIC CONTRACT ON A MONTH-TO-MONTH BASIS.
 {¶ 11} "II. THE TRIAL COURT ERRED, TO THE PREJUDICE OF MRS. BYLER, BY NOT CONSIDERING ALL ELEMENTS OF DR 2-106 IN REACHING ITS JUDGMENT ON REASONABLE ATTORNEYS' FEES."
 Landmark Appeal I {¶ 12} In its sole assignment of error, Landmark maintains the trial court abused its discretion in calculating the award of attorney fees.
 {¶ 13} The starting point in determining the amount of fees to award under the statute is the computation of the lodestar figure. Blum v. Stenson (1984), 465 U.S. 886, 888,104 S.Ct. 1541, 1543-1544, 79 L.Ed.2d 891, 895-896; Hensley v. Eckerhart
(1983), 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40. The lodestar is the number of hours expended multiplied by a reasonable hourly rate. City of Burlington v. Dague (1992), 505 U.S. 557,559-561, 112 S.Ct. 2638, 2640, 120 L.Ed.2d 449, 454-456; Blum,465 U.S. at 888; Hensley, 461 U.S. at 433. If the court deviates from the lodestar, it must provide a clear explanation.Hensley, 461 U.S. at 437.
 {¶ 14} Once the trial court calculates the lodestar figure, the court may modify that calculation by application of the factors listed in DR 2-106(B). Bittner v. Tri-County Toyota,Inc. (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 464. These factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation. Id.
 {¶ 15} Moreover, a determination of whether to award attorney fees and the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court shall not interfere. Bittner, supra at 146, 569 N.E.2d 464. (Citation omitted).
 {¶ 16} The trial court reviewed the time records submitted by Landmark, which showed an excess of 170 hours spent on the case by Landmark's attorney and his staff. Reviewing these records, the trial court found four categories of time expenditures would not be compensable. Specifically, the trial court found the time Landmark's counsel spent reviewing court records of prior litigations involving Byler was not relevant and would not consider such time. The trial court also found travel time, in-house conferences with staff, and the time expended by original legal counsel prior to the filing of the complaint also not compensable. The trial court, thereafter, determined the reasonable charges for the period prior to trial would be $5,896.00; the preparation for trial, $6,601.00; trial time, $3,910.00; and post-trial time, $2,123.00, totaling $18,530.00. On the record at the hearing, the trial court took judicial notice $225.00 as a reasonable hourly rate.
 {¶ 17} We find the trial court's determination regarding the four categories of disallowed time to be erroneous. Researching Byler's prior litigation history, Landmark's counsel's travel time, and counsel's conferencing with his staff are appropriate charges. With respect to the time spent by the in-house counsel prior to filing of the complaint, we find the time for such work is allowable. The fact original counsel was in-house should have no bearing on the appropriateness of reimbursement for time expended by in-house counsel as such would have been chargeable as attorney fees had Landmark hired outside counsel from the outset. However, we hold any duplication of effort between in-house counsel and Attorney Pusateri due to the change in representation would not be compensable.
 {¶ 18} The trial court never computed the lodestar figure in computing the fees. Accordingly, we vacate the trial court's award of attorney fees and remand the matter for re-computation. In doing so, the trial court should compute the lodestar figure, which is the number of hours expended multiplied by the reasonable hourly rate. Once such calculation is made, the trial court may deviate from the figure by considering any or all of the factor(s) set forth in D.R. 2-106(B).
 {¶ 19} Landmark's first assignment of error is sustained.
 Byler Appeal I {¶ 20} Byler's first assignment of error challenges the trial court's overruling her motions for directed verdict.
 {¶ 21} Pursuant to Civ. R. 50, a trial court must construe the evidence most strongly in favor of the party against whom the motion is directed, and if it finds that upon any determinative issue reasonable minds could come to but one conclusion on the evidence submitted, and this conclusion is adverse to the non-moving party, then the court shall sustain the motion and direct a verdict for the moving party as to this issue. The reasonable minds test calls upon the court only to determine whether there exists any evidence of substantial probative value in support of the claims of the party against whom the motion is directed. Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 671 N.E.2d 252. The motion for directed verdict raises a question of law because it examines the materiality of the evidence as opposed to the conclusions which may be drawn from the evidence. Ruta v. Breckenridge-Remy Company (1982),69 Ohio St.2d 66, 23 OO 3d 115, 430 N.E.2d 935. Because a motion for directed verdict presents a question of law, our standard of reviewing a trial court's judgment on a directed verdict is de novo. Titanium Industries v. S.E.A, Inc. (1997),118 Ohio App.3d 39, 691 N.E.2d 1087.
 {¶ 22} Byler argues the contract between the parties was so vague and indefinite as to render it illusory and unenforceable. We disagree.
 {¶ 23} The original service agreement signed by Barbara Byler on May 3, 2000, provided, in pertinent part:
 {¶ 24} "2. TERM. The term of this Agreement shall be for five years, commencing on the Effective Service Date specified above, and shall be automatically renewed for successive one (1) year terms thereafter unless either party shall give written notice of termination, by certified mail, to the other at least ninety (90) days prior to the termination of the initial term or any renewal, as the case may be. In the event the Customer terminates this Agreement other than as provided herein, Customer shall pay to Contractor, as liquidated damages, Customer's most recent monthly charge multiplied by six. * * *"
 {¶ 25} "12. CHANGES. Changes in the charges, frequency of collection service, and/or number, capacity or type of equipment may be agreed to orally or in writing by the parties. Oral changes shall be confirmed by the parties in writing."
 {¶ 26} Byler argues Landmark's contract was unenforceable as the essential terms were not sufficiently clear as to show "what was to be provided from one month to the next." Brief of Appellant at 13. Byler continues the contract's lack of a specific formula for pricing when requested changes were made in services created a lack of mutuality.
 {¶ 27} In Deken v. MacGregor (July 3, 1991), Summit App. No. 14958, unreported, the Ninth District Court of Appeals, found a contract, which allowed for a price adjustment, but did not set forth a calculation for determining such, was enforceable using reasonableness as the measure for determining the price terms. Citing 17A American Jurisprudence 2d (1991) 218, Contracts, Section 210, the Deken Court held:
 {¶ 28} "After services or materials have been furnished and accepted, the fact that no price had been agreed on or that the compensation mentioned in the agreement is too indefinite does not prevent the recovery of reasonable compensation. Accordingly, with respect to contracts executed, except for payment, the rule is that there arises an implied provision to make a reasonablepayment. (Emphasis added.)"
 {¶ 29} We agree with the rationale in Deken and find the contract between Landmark and Byler was not illusory; therefore, enforceable. Byler signed the original contract, which allowed for oral modification by either party. Accordingly, we find the trial court did not err in overruling Byler's motions for directed verdict.
 {¶ 30} Byler's first assignment of error is overruled.
 II {¶ 31} Byler's second assignment of error challenges the trial court's failure to consider all the elements of D.R. 2-106 in arriving at the amount for attorney fees. A trial court's consideration of the D.R. 2-106 factors is discretionary, thus, a trial court may consider any or all of the factors or not consider them. We find it good practice for a trial court to review those factors when making a decision regarding attorney fees. However, given our disposition of Landmark's appeal, we find Byler's second assignment of error to be premature.
 {¶ 32} The judgment of the Stark County Court of Common Pleas is affirmed in part; and vacated and remanded in part.
By: Hoffman, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part and vacated and remanded in part. Costs in Case No. 2005CA00291 and Case No. 2005CA00294 assessed to Byler Flea Market, et. al.