NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0621n.06

Case No. 10-3643

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SHANNON VAN HORN, et al., Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| KABATEK BROWN KELLNER, LLP; FEAZELL & TIGHE; KISLING, NESTICO & REDICK - AKRON, as counsel for all class members and plaintiffs in the above captioned matter, | ) ) ) ) ) ) | COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Appellants, | ) ) | |
| v. | ) ) | |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY; NATIONWIDE INSURANCE COMPANY OF AMERICA; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; DOES 1 THROUGH 250, INCLUSIVE, | ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) ) ) | |

BEFORE: BATCHELDER, Chief Judge; SUHRHEINRICH and GRIFFIN, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. The Appellants in this case served as Class Counsel in a class action lawsuit against Nationwide Property and Insurance, Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, and Nationwide Mutual Insurance Company (collectively, "the Defendants"). Generally, the Plaintiffs claimed that the

Defendants failed to provide them with the full rental car benefits required under their insurance policies.

While the case was pending in district court, the parties reached a settlement agreement providing for a common fund, a portion of which would be paid to Class Counsel as attorneys' fees. The district court held a fairness hearing and approved the parties' settlement in a final order. The settlement agreement awarded each class member a maximum of $199.44 (approximately 50% of the average class member's damages). The district court issued a separate opinion and order regarding Class Counsel's motion for attorneys' fees and costs. Class Counsel had requested $5,873,716.02 in attorneys' fees and $226,283.98 in costs, for a total of approximately $6.1 million. The district court awarded the full amount of costs, but approved only $3,179,107.20 in attorneys' fees.

Class Counsel filed this timely appeal, alleging that the district court abused its discretion in determining the fee award. We disagree and AFFIRM the district court's decision.

## I.

We review a district court's award of attorneys' fees for abuse of discretion. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996). A district court abuses its discretion when it "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007).

In general, there are two methods for calculating attorney's fees: the lodestar and the percentage-of-the-fund. District courts have discretion "to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the

unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). In common fund cases, the award of attorneys' fees need only "be reasonable under the circumstances." *Id.* However, a district court generally must explain its "reasons for adopting a particular methodology and the factors considered in arriving at the fee." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (internal quotation marks omitted).

In this case, the district court used the lodestar method and then cross-checked its fee determination with the percentage-of-the-fund method to support the reasonableness of its lodestar calculation. It chose this approach at Class Counsel's request.[1] On appeal, Class Counsel advance several reasons to support their claim that the district court abused its discretion.

## A.

Class Counsel first argue that the district court abused its discretion when determining a reasonable hourly rate. Counsel requested rates ranging from $250 per hour (for first-year associates) to $690 per hour (for partners). They supported these requests with affidavits detailing their skill and experience, as well as with affidavits from expert witnesses stating that the hourly rates were reasonable.

The party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). When determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court

---

[1] Class Counsel initially requested that the court use the lodestar calculation to determine the fee award. Later, in a supplemental brief, Class Counsel argued that the percentage-of-the-fund method would also award fair compensation.

of record." *Gonter*, 510 F.3d at 618. A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests. *See B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter*, 510 F.3d at 618.

The district court acknowledged Class Counsel's evidence but concluded that lower hourly rates were appropriate. It approved rates ranging from $250 to $450 per hour, depending on each attorney's experience. To support its determination, the court discussed several different cases involving class action fee awards and also referenced its own experience with similar cases. This explanation was sufficiently thorough, and was not so inadequate as to constitute an abuse of discretion. *Cf. Moulton*, 581 F.3d at 352 (finding explanation inadequate when district said only that "attorney fee percentage is fair and reasonable considering the several years of litigation" (alterations and quotation marks omitted)).

Class Counsel also argue that the district court should have analyzed the propriety of a higher fee award for out-of-town counsel. Given that Class Counsel always couched their rate request in terms of the *Ohio* legal market and produced no evidence regarding other markets, the district court's failure to assess whether a different market's rates should apply is hardly surprising. Further, Class Counsel bore the burden of establishing the need to seek out-of-town counsel, *see Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995), and it does not appear that they met that burden here. They point to the out-of-town firm's success, but "[p]roof that [a firm] has a national reputation for expertise

4

in [a specific] kind of litigation does not constitute proof that [its] expertise was necessary in this phase of the present litigation," *see id.* Accordingly, the district court did not abuse its discretion by using northeast Ohio as the relevant market for determining a reasonable hourly rate.

**B.**

Class Counsel next claim that the district court abused its discretion by enhancing the lodestar by a multiplier of 1.2, rather than by the requested multiplier of 1.78. They claim that the district court abused its discretion by (1) stating that multipliers are appropriate only in "rare" and "exceptional" circumstances, and (2) focusing on "phantom" claims that Class Counsel did not pursue.

Upon determining the lodestar, a district court also has discretion to decide whether an upward or downward adjustment is warranted in order to reach a reasonable fee award. *Geier*, 372 F.3d at 792. In considering any adjustment, the Supreme Court has cited with approval twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717-19). The Supreme Court has noted, however, that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a

reasonable hourly rate." *Id.* at 434 n.9. Accordingly, we need not "double count" factors when determining whether a multiplier is appropriate. *Cf. Geier*, 372 F.3d at 792.

On appeal, Class Counsel focus on the district court's statement that multipliers should be used only in "rare" and "exceptional" circumstances pursuant to *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662 (2010). Class Counsel argue that *Perdue*, which involved a statutory fee-shifting provision, is irrelevant to fee awards arising from settlements creating a common fund. But this argument is inapposite because the district court *did* award a multiplier. The court did not interpret *Perdue* as "prohibit[ing] the use of multipliers in class actions." Rather, it appears to have relied on *Perdue* only to the extent that it "suggest[s] that enhancements are atypical and should not duplicate the same considerations affecting the lodestar rate." The district court read *Perdue* as an instruction to approach multipliers carefully. That hardly amounts to an abuse of discretion.

Moreover, notwithstanding its comments about *Perdue*, the district court fully considered the other relevant factors for fee determinations and awarded a multiplier. Finding that it had already considered some factors when calculating the lodestar, the court focused on the value of the benefit rendered to the class, whether the services were undertaken on a contingent basis, and the complexity of the litigation. The court explained that it did not believe that the class members received an especially good benefit, given that Class Counsel chose to pursue a relatively insignificant claim (compared to other potential claims) and that Class Counsel agreed to a settlement mechanism which yielded a low claims rate. Nevertheless, the court determined that a multiplier was appropriate given the contingent nature of the case and the complexity of a class action. With regard to complexity, however, the district court noted that the case was "not one based on a 'novel' legal theory or

unproven grounds for recovery" but was "only a breach of contract claim." Based on those considerations, the court determined that a multiplier of 1.2 was appropriate.

"The decision to enhance the lodestar calculation is in the discretion of the district court, and we will reverse only if the district court abused that discretion." *Wells v. U.S. Steel*, 76 F.3d 731, 737 (6th Cir. 1996). The district court considered the relevant factors and explained its reasons for utilizing a multiplier of 1.2. We cannot conclude that the district court abused its discretion.

## C.

Finally, Class Counsel argue that the district court abused its discretion when performing its cross-check using the percentage-of-the-fund method. They claim that the district court was required to use the percentage of the amount of funds *available*, rather than the amount of funds actually claimed or any other amount. In the alternative, they argue that the figure the district court did employ—a midpoint between the funds available and the funds actually claimed (borrowed from *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 796-802 (N.D. Ohio 2010))—was calculated incorrectly.

Neither of these alleged errors amounts to an abuse of discretion. It is true that the district court misapplied *Lonardo* because it failed to add the attorneys' fees and costs to the class benefit. *See id.* at 796-803. However, that mistake is irrelevant for the simple reason that the cross-check was *optional*. The district court would have been perfectly justified in awarding a fee based on the lodestar analysis alone. *See Rawlings*, 9 F.3d at 516. We therefore need not review its cross-check analysis. *Cf. Bowling*, 102 F.3d at 779-81 (affirming district court's fee award, which was based on

7

the percentage-of-the-fund and cross-checked according to the lodestar, without reviewing its lodestar analysis).

## II.

For the foregoing reasons, we **AFFIRM** the decision of the district court.