[Cite as *Tipton v. Directory Concepts, Inc.*, 2014-Ohio-1215.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| JOHN C. TIPTON | : | JUDGES: | |
| | : | | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. | |
| | : | Hon. Craig R. Baldwin, J. | |
| -vs- | : | | |
| | : | | |
| DIRECTORY CONCEPTS, INC., ET AL. | : | Case No. 13CA61 | |
| | : | | |
| | : | | |
| Defendants - Appellees | : | O P I N I O N | |

CHARACTER OF PROCEEDING:    Appeal from the Richland County
Court of Common Pleas, Case No.
2009-CV-1853

JUDGMENT:    Reversed

DATE OF JUDGMENT:    Marc h 21, 2014

APPEARANCES:

For Plaintiff-Appellant

J.C. RATLIFF
JEFF RATLIFF
ROCKY RATLIFF
Ratliff Law Offices
200 West Center Street
Marion, OH 43302

For Defendants-Appellees

JAY D. WAGNER
Wagner Law Firm, P.L.L.
P.O. Box 576
118 Harding Way West
Galion, OH 44833

*Baldwin, J.*

{¶1} Plaintiff-appellant John Tipton appeals from the December 10, 2012 and June 12, 2013 Judgment Entries of the Richland County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant John Tipton, an African-American man, was employed as a sales representative with appellee Directory Concepts, Inc. from September of 2007 until he was terminated in December of 2008. On December 24, 2009, appellant filed a complaint against appellee Directory Concepts, Inc, appellee Thomas Hickox, in his individual capacity and/or in his capacity as the President and/or Statutory Agent for appellee Directory Concepts, Inc. and Marc Hyser, appellant's supervisor. Appellant, in his complaint, alleged that he was subject to racial discrimination during his employment. Appellant, in his complaint, alleged, in part, that he was not given a computer for approximately thirty days after he was hired while his white contemporaries, were, that he did not receive commissions on his sales and that he was subject to disparate treatment based upon his race.

{¶3} Appellees Directory Concepts, Inc. and Thomas Hickox filed an answer on January 25, 2010. Mark Hyser filed an answer on March 24, 2010 and, on March 28, 2011, filed a Motion for Summary Judgment. Appellees, on the same date, filed a Motion for Summary Judgment. Appellant filed a memorandum in opposition to both Motions for Summary Judgment on May 17, 2011 and appellees filed a reply on June 2011.

{¶4} As memorialized in a Judgment Entry filed on August 15, 2011, the trial court granted both Motions for Summary Judgment. The trial court, in its Judgment

Entry, found that appellant had failed to provide direct evidence of discrimination by appellees and that he also failed to establish a prima facie case of racial discrimination through indirect evidence because he had not shown that he was replaced by a non-protected person or that his sales position remained opened after he was terminated. According to the trial court, "[i]n fact, the evidence is clear that Defendant, Directory Concepts, Inc., terminated additional sales representatives shortly after the Plaintiff was terminated and did not replace them."

{¶5} Subsequently, on September 14, 2011, appellees filed a Motion for Attorney Fees and Other Reasonable Expenses pursuant to R.C. 2323.51. Appellees alleged that appellant and his counsel had engaged in frivolous conduct. On September 15, 2011, Marc Hyser also filed a Motion for Award of 'Fees and Expenses. Appellant filed a memorandum in opposition to both motions on October 14, 2011. Thereafter, on November 15, 2011, Hyser withdrew his motion.

{¶6} A hearing on appellees' motion commenced on January 19, 2012 before a Magistrate. On February 2, 2012, appellant filed a motion asking that the testimony of Jeff Heck, counsel for Marc Hyser who had testified on January 19, 2012 as to the reasonableness of attorney fees, be excluded. Appellant, in his motion argued that Heck was not a disinterested party because he had represented one of the defendants in this case. Appellees filed a memorandum contra such motion on February 13, 2012. The Magistrate, in a Decision filed on March 7, 2012, recommended that such motion be denied. The Magistrate found that neither Heck nor his client had any interest in the attorney fee dispute, that Heck was a disinterested witness and that the case cited by appellant was not applicable. The Magistrate ordered that the hearing resume on March

29, 2012. A Judgment Entry adopting the Magistrate's Decision was filed on April 3, 2012. The hearing was later continued to May 10, 2012.

{¶7} The Magistrate, in a Decision filed on December 10, 2012, recommended that appellant be ordered to pay appellees $12,547.80 in legal fees along with court costs. The Magistrate further found that appellees had not sufficiently demonstrated the expenses that they alleged that they had incurred as a direct and identifiable result of this case. Appellant filed objections to the Magistrate's Decision on December 31, 2012.

{¶8} Pursuant to a Judgment Entry filed on June 12, 2013, the trial court overruled appellant's objections to the Magistrate's Decision. The trial court, in its Judgment Entry, found that appellant's objections were untimely, that appellant's counsel did not submit an affidavit of his own or from his office staff stating that his office did not receive the decision until December 27, 2012 as was alleged and that appellant did not request an extension of time to file objections. The trial court also found that there was no error of law or other defect on the face of the Magistrate's Decision and adopted the same.

{¶9} Appellant now raises the following assignments of error on appeal:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS APPELLEE'S MOTIONS FOR SANCTIONS PURSUANT TO OHIO R.C. §2323.51 AND RULE 11 BECAUSE THEY WERE NOT SUPPORTED BY EVIDENCE FROM A DISINTERESTED PARTY THAT THE LEGAL SERVICES FOR WHICH HE SOUGHT COMPENSATION WERE NECESSARY AND THE FEES CHARGED FOR THOSE SERVICES WERE REASONABLE."

{¶11} "II.   THE   TRIAL   COURT   ERRED   WHEN   IT   FOUND   THAT APPELLANT'S   COMPLAINT   WAS   FRIVOLOUS   AND   FAILED   TO   DISMISS APPELLEE'S MOTIONS FOR SANCTIONS PURSUANT TO OHIO R.C. §2323.51 AND RULE  11  BECAUSE  THERE  WAS  A  GOOD-FAITH  ARGUMENT  FOR  THE EXTENSION OF EXISTING LAW THAT WOULD HAVE JUSTIFIED BRINGING – AND MAINTAINING – A DISCRIMINATION CLAIM AGAINST APPELLEES OUT OF THE FACTS OF THIS CASE."

I

{¶12}   Appellant, in his first assignment of error, argues that the trial court erred in failing to dismiss appellees' Motion for Attorney Fees pursuant to R.C. 2323.51. Appellant specifically argues that appellees failed to offer testimony from a disinterested party to corroborate the reasonableness of the requested attorney fees and that the testimony at the hearing was insufficient to establish the reasonableness of the fees requested.

{¶13}   Appellant did not file a timely objection to the Magistrate's Decision. On June 12, 2013, the trial court overruled appellant's objections to the Magistrate's Decision finding, in part, that appellant's objections were untimely, that appellant's counsel did not   submit an affidavit of his own or from his office staff stating that his office did not receive the decision until December 27, 2012 and that appellant did not request an extension of time to file objections. The trial court overruled the objections.

{¶14}   When a party fails to file objections to a magistrate's decision, Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to

that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Postel v. Koksal,* 5th Dist. Richland No. 08–COA–0002, 2009–Ohio–252, ¶ 25.

{¶15} We note, however, that authority exists in Ohio law for the proposition that appellant's failure to object to the Magistrate's decision does not bar appellate review for "plain error." *In re Lemon,* 5th Dist. Stark No. 2002 CA 00098, 2002–Ohio–6263. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." *See Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122, 1997–Ohio–401, 679 N.E.2d 1099.

{¶16} Appellant initially argues that the trial court erred in not excluding the testimony of Attorney Jeffrey Heck, who was the attorney for Mark Hyser. Heck testified, over objection, that the legal services that appellees' counsel, Jay Wagner, had provided were appropriate and necessary in defense of appellees, that Attorney Wagner's hourly rate of $175.00 to $195.00 per hour was reasonable, and that $12,547.80 in legal fees was reasonable and necessary for the services that Attorney Wagner provided in this case.

{¶17} Appellant specifically relied on the case of *National City Bank v. Semco, Inc.,* 3rd Dist. Marion No. 9-10-42, 2011-Ohio-172 for the proposition that testimony from a disinterested witness regarding the reasonableness of attorneys' fees is required. However, in *Grove v. Gamma Center*, et al., 3rd Dist. Marion No. 9-12-41, 2013-Ohio-1734, the Third District stated that its decision in the *Semco* case did not stand for the proposition that such testimony was required and also held that the trial court erred in concluding that a shareholder could not prevail on a motion for attorney

fees solely because he failed to provide evidence from a disinterested witness. The court held that the trial court's reliance on such case was misplaced. In *Grove*, the court stated, in relevant part, as follows:

{¶18} "This Court also recently addressed the issue of attorneys' fees in *Jack's Heating,* 2013–Ohio–144[1]. In that case, we recognized 'that merely submitting an attorney's itemized bill is insufficient to establish the reasonableness of the amount of work billed.' *Id.* at ¶ 24, citing *Whitaker v. Kear,* 123 Ohio App.3d 413, 424, 704 N.E.2d 317 (4th Dist.1997). This Court acknowledged that '[o]ften, parties offer expert testimony to establish that the hours charged was reasonable in light of the litigation's particular facts.' *Jack's Heating* at ¶ 24, citing *Hawkins v. Miller,* 11th Dist. No.2011–L–036, 2011–Ohio–6005, ¶ 28 and *Whitaker* at 424–425, 704 N.E.2d 317. However, we also stated that 'in some matters, the requesting party refrains from offering expert testimony from other individuals to corroborate the attorney's self-serving testimony that the fee request is reasonable' *Jack's Heating* at ¶ 24, citing *Koblenz & Koblenz v. Summers,* 8th Dist. No. 94806, 2011–Ohio–1064, ¶ 14 and *Shottenstein, Zox & Dunn Co., L.P.A. v. Reineke,* 9th Dist. No. 10CA0138–M, 2011–Ohio–6201, ¶ 26–28. Thus, this Court has recognized that testimony from a disinterested person may be the better practice when establishing the reasonableness of attorneys' fees, but we have not gone so far as to hold that this testimony is a threshold requirement in all circumstances….

{¶19} "After reviewing the applicable law, this Court disagrees with the trial court's conclusion that Singh cannot prevail on his motions for attorneys' fees solely

---

[1] The complete cite is U*nited Assn. of Journeyman and Apprentices of the Plumbing and Pipe Fitting Industry v. Jack's Heating, Air Condition & Plumbing, Inc.,* 3d Dist.Hardin No. 6–12–06, 2013–Ohio–144.

because he failed to provide evidence from a disinterested witness regarding the amount of hours spent and the hourly rate charged." Id at paragraphs 31-32.

{¶20} Based on the foregoing, we find that the trial court did not commit plain error in not excluding the testimony of Jeffrey Heck.

{¶21} As noted by appellees, although not specifically assigned as error, appellant also argues that appellees should have submitted evidence as to their counsel's experience in litigation or racial discrimination cases, his reputation, the difficulties or peculiarities of racial discrimination litigation or evidence that Attorney Wagner possessed the skill required to perform the legal services properly.

{¶22} In the case sub judice, appellees sought attorneys' fees as a sanction pursuant to R.C. 2323.51. R.C. 2323.51 states, in relevant part, as follows: "(5)(a) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded reasonable attorney's fees and the party's counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the reasonable attorney's fees, an itemized list or other evidence of the legal services rendered, the time expended in rendering the services, and whichever of the following is applicable:…

{¶23} "(ii) In all situations other than those described in division (B)(5)(a)(i) of this section, the attorney's fees associated with those services."

{¶24} At the hearing, appellees presented their itemized bill for legal fees and the testimony from Jeffrey Heck in support of their motion. Nothing additional was required.

{¶25} Appellant's first assignment of error is, therefore, overruled.

II

{¶26}   Appellant, in his second assignment of error, argues that the trial court erred in finding his complaint frivolous.

{¶27}   As is stated above, because appellant did not timely object to the Magistrate's Decision, we will apply the plain error standard of review.

{¶28}   R.C. 2323.51 provides a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct.  R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as follows:

{¶29}   "(i) * * * [conduct that] serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶30}   "(ii) * * * [conduct that] is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

{¶31}   "(iii) * * * [conduct that] consists of allegations or other factual contentions that have no evidentiary support or, if specifically identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

{¶32}   A motion for sanctions pursuant to R.C. 2323.51 requires a three-step analysis by the trial court: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of award. *Ferron v. Video Professor Inc.,* 5th Dist.

Delaware No. 08–CAE–09–0055, 2009–Ohio–3133. The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. *Pingue v. Pingue,* 5th Dist. Delaware No. 06–CAE–10–0077, 2007 WL 2713763 (Sept. 18, 2007), citing *Wiltberger v. Davis,* 110 Ohio App.3d 46, 673 N.E.2d 628 (10th Dist.1996). A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Lable & Co. v. Flowers,* 104 Ohio App.3d 227, 661 N.E.2d 782 (9th Dist.1995).

{¶33} Appellant, in the case sub judice, filed a complaint alleging that he was subject to racial discrimination, including disparate treatment.  In order to prove a prima facie case of race discrimination, the plaintiff must establish the following: (1) that he or she is a member of the protected class; (2) that he or she was subject to an adverse employment action; (3) that he or she was qualified for the position; and (4) that someone outside the class either replaced him or her or was treated more favorably. *Shepard v. Griffin Services, Inc.,* 2nd Dist. Montgomery No. 19032, 2002–Ohio–2283, citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992). See also *Janezic v. Eaton Corp.*, 8th Dist. No. 99897, 2013-Ohio-5436.

{¶34} Appellees, in their Motion for Summary Judgment, argued, in part, that appellant could not meet the fourth prong because he was never replaced by a non-protected person after his termination. The trial court, in its August 15, 2011 Judgment Entry granting appellees' Motion for Summary Judgment, found that appellant failed to meet the fourth prong of the above test because he "provided absolutely no evidence

that he was replaced by another individual or that his sales representative position was left open for another individual."

{¶35} Thereafter, appellees, in their Motion for Attorneys Fees, argued, in relevant part, as follows:

{¶36} "As discussed above, there was no evidentiary support for the Plaintiff's civil proceeding against Defendants DCI and Hickox. Before the Plaintiff filed his Complaint, neither the Plaintiff nor his counsel made any type of a reasonable inquiry to determine whether or not the Plaintiff was ever replaced by another individual or whether or not his position remained open. In fact, after the Plaintiff's Complaint was filed and extensive discovery was performed, Plaintiff's counsel still made absolutely no inquiry to determine whether or not the Plaintiff was replaced or whether Plaintiff's prior sales position remained open after he was terminated." At the hearing, appellees argued that appellant's case against them was not warranted under existing law because appellant had not provided evidence that he was replaced by a non-protected person or that his position was left open after he was terminated. In short, the factual basis for appellees' motion was that appellant had not met the fourth prong of the test set forth above.

{¶37} In the case sub judice, the Magistrate, in her December 10, 2012 Decision after the hearing on such motion, found that, prior to filing the lawsuit alleging racial discrimination, appellant did not make any inquiry regarding whether appellant had been replaced following his termination or whether his position had remained open. The Magistrate further found that appellant's complaint was frivolous because, by

granting appellees' Motion for Summary Judgment, the trial court clearly rejected appellant's claims of disparate treatment.

{¶38}   However, as is stated above, the fourth prong can be met by providing evidence that a non-protected person was treated more favorably. Appellant, in the affidavit attached to his memorandum in opposition to appellees' Motion for Summary Judgment, set forth specific examples of how he alleged he was treated differently than similarly situated white employees. The issue of disparate treatment was never addressed by the trial court.

{¶39}   We find that the trial court erred in granting appellees' Motion for Attorney Fees because there was no evidence that appellant's complaint was frivolous. As is discussed above, appellees argued that they were entitled to attorneys fees because, before filing his complaint, neither appellant nor his counsel made any type of a reasonable inquiry to determine whether or not the appellant was ever replaced by another individual or whether or not his position remained open. Appellees argued, therefore, that appellant did not meet the fourth prong of the test set forth in *McDonnell Douglas.* However, in disparate treatment cases, the fourth element may be replaced with the requirement that the plaintiff show he or she was treated differently from similarly-situated individuals.

{¶40}   Moreover, at the hearing, Attorney J.C. Ratliff, who was appellant's witness, testified that he was asked to review the case and did not think that it was a frivolous action. He testified that he believed that his interview of appellant revealed instances of disparate treatment in the terms and conditions of his employment. Ratliff testified that there was "actual proof" that appellee made appellant make 50 calls while

other employees had to do only 35, that appellant was terminated for performing below goals while others, non-African American employees, were not, and that there was evidence that while appellant was given less than a month of corrective action, non-African American employees were given more. Ratliff testified that it was clear that appellant "got disparate treatment in the terms and conditions of employment". Transcript at 66. When asked what he would have done if appellant had come to him with this case, he testified as follows:

{¶41} A. I would have talked to him at length, maybe even met with him twice. I would have taken what he said at face value, and then said okay, you're saying these things occurred, bring those documents in and show me that you, in fact, have been (inaudible). Once he brought those documents in, based on the status of how my office is now, I would have referred it to you or James down in Columbus, someone who does these types of cases." Transcript at 67.

{¶42} Finally, the fact that the trial court granted summary judgment to appellees does not create sufficient grounds, alone, to constitute a frivolous filing under R.C. 2323.51. *Passmore v. Greene Cty. Bd. of Elections*, 74 Ohio App.3d 707, 713, 600 N.E.2d 309 (9th Dist. Wayne 1991).

{¶43} Based on the foregoing, we find that the trial court committed plain error in granting appellees' Motion for Attorney Fees.

{¶44} Appellant's second assignment of error is, therefore, sustained.

{¶45}   Accordingly, the judgment of the Richland County Court of Common Pleas is reversed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.