[Cite as *Fabish v. Harnak*, 2015-Ohio-4777.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| TODD J. FABISH | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15 CAG 04 0036 |
| BRIAN K. HARNAK, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Delaware Municipal
                             Court, Case No. 08-CVF-01197

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 19, 2015


APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

RICHARD DONOVAN                       CHRISTOPHER ESKER
571 High Street, Ste. 22              BRANDON PAULEY
Worthington, OH 43085                 50 S. Main Street. 10th Floor
                                      Akron, OH 44308

*Gwin, P.J.*

{¶1} Appellants appeal the March 24, 2015 judgment entry of the Delaware Municipal Court overruling their motion and objection to the December 8, 2014 magistrate's decision.

*Facts & Procedural History*

{¶2} On May 16, 2008, appellee Todd Fabish filed a complaint against appellants Brian Harnak and Roderick Linton LLP for violations of the Fair Debt Collection Practices Act ("FDCPA") and Consumer Sales Practices Act ("CSPA"). The complaint alleged that appellants, as debt collectors, sued appellee and his parents, as co-signers, on behalf of Wells Fargo to collect on a student loan. Further, that appellants filed the suit in Delaware County, Ohio, where appellee did not live and where the contract was not made. Appellee averred that he lived in Chicago when appellants filed the lawsuit in Delaware County. Appellee argued that bringing suit in Delaware County violated the FDCPA.

{¶3} Both parties filed motions for summary judgment in 2009, which the magistrate denied. Appellee filed objections to the magistrate's decision. On June 10, 2009, the trial court partially reversed the magistrate's decision and found that appellee was entitled to partial summary judgment that: (1) appellee is a consumer obligated to pay money arising out of a transaction for personal, family, or household purposes as contemplated by the FDCPA and (2) the litigation filed against him to collect a debt was in a judicial district in which he did not sign the contract or reside.

{¶4} The magistrate conducted a trial on April 16, 2010. Frank Fabish, appellee's father, testified at the trial. On June 4, 2010, the magistrate filed a judgment

entry with findings of fact and conclusions of law. The magistrate found that appellee showed actual harm, but offered no evidence of out-of-pocket or emotional damages. Thus, the magistrate awarded appellee the nominal sum $100 in actual damages. The magistrate further found that the FDCPA allows statutory damages of up to $1,000 even in the absence of proof of actual damages. The magistrate awarded appellee $500 in statutory damages and stated that while there was no evidence appellants' non-compliance was intentional, appellants chose a forum they knew might not satisfy the express requirements of the FDCPA. The magistrate dismissed and denied appellee's claim under the CSPA. Additionally, the magistrate found that Roderick Linton LLP could not be held directly liable or responsible for appellee's claims under the FDCPA. Appellants filed objections to the magistrate's decision and award of $600 in damages on June 23, 2010.

{¶5} On June 16, 2010, appellee filed a motion for costs and attorney fees totaling $25,081. Attached to the motion were invoices detailing the date, hours, rate, and description of each action billed for. Also attached to the motion was the affidavit of appellee's counsel. On July 19, 2010, appellants filed a response to the motion for attorney fees. Appellants filed a supplemental response on August 25, 2010.

{¶6} On August 11, 2010, the trial court overruled appellants' objections to the June 4, 2010 magistrate's decision, finding that the objections were untimely filed. Appellants filed a motion with the trial court to reconsider its August 11, 2010 judgment entry. The trial court denied appellants' motion on September 9, 2010, again finding that appellants' objections were not timely filed and finding that excusable neglect had not been shown.

{¶7}   Appellee filed a motion for status conference in 2012.  The trial court set the matter for hearing on November 16, 2012.  On November 14, 2012, appellee filed a supplemental affidavit requesting attorney fees of $6,992.50 that accrued following the decision of the court in June 2010.  Appellants filed supplemental memoranda on November 16, 2012 and on December 11, 2012.  On December 21, 2012, appellee filed a reply to appellants' December 11 memorandum and included copies of multiple legal publications relating to law office economics and attorney fees.  On December 26, 2012, appellants filed a motion to strike appellee's reply.  On April 17, 2014, the trial court scheduled the matter for hearing on May 14, 2014 due to the confusion regarding the hearing on November 16, 2012.  Appellee presented no further evidence than that previously submitted.  Appellants elected to present no evidence and also relied on legal memoranda previously submitted.

{¶8}   On December 8, 2014, the magistrate issued a judgment entry and decision.  The magistrate cited the *Bittner v. Tri- County Toyota, Inc.*, case for the proposition that a court should determine the hours reasonably expended by counsel and counsel's reasonable hourly fee, but could adjust the resulting figure based upon several factors.  58 Ohio St.3d 142, 569 N.E.2d 464 (1991).  The magistrate found that appellee submitted affidavits incorporating counsel's itemized statements for fees, along with timely publications regarding law office economics (including surveys conducted by the Ohio State Bar Association and the National Consumer Law Center)  and containing prevailing rates for attorney fees that showed that appellee's counsel's hourly rate fell within the prevailing rates in the area.  Further, that the affidavits detailed the nature of the services and time required.  The magistrate stated that appellants did not challenge

or question appellee's counsel's rate nor the time required. The magistrate found that appellee's counsel manifested the skill and experience commensurate with his hourly rates.

{¶9} The magistrate determined that the evidentiary material submitted by appellee demonstrated that some of the litigation involved was not directly related to the enforcement of the FDCPA. The magistrate could not tell what fees were tied to the FDCPA from October 2008 to June 2010; thus, appellee was precluded from receiving attorney fees during this period. The magistrate found that appellee submitted supplemental evidentiary material that established he accrued additional legal fees after the judgment of $6,993. Further, that the material submitted by appellee established that the hours billed were consistent with the research and writing required by appellee to respond to appellants' objections to the judgment and application to recover attorney fees. The magistrate found that appellee was entitled to an award of attorney fees totaling $11,375.

{¶10} On December 18, 2014, appellants filed a motion to set aside the magistrate's decision. On December 22, 2014, appellants filed objections to the magistrate's decision. On March 25, 2015, the trial court issued a judgment entry denying appellants' motions and objections. The trial court found that the magistrate properly calculated the attorney fees utilizing the lodestar method and that counsel for appellee submitted documents demonstrating his rate was reasonable and the hours he reasonably expended. Further, that the parties agreed to submit the issue of attorney fees upon affidavits and memoranda of law. The trial court stated that appellants submitted nothing contradicting the reasonableness of the hours expended or the

reasonableness of the hourly rate. Additionally, that the magistrate awarded substantially less than the $25,081 sought by appellee for attorney fees.

**{¶11}** Appellants appeal the judgment entries of the Delaware Municipal Court and assign the following as error:

**{¶12}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AWARDED ATTORNEY'S FEES IN THE AMOUNT OF $11,375 TO PLAINTIFF AS THE EVIDENCE SUBMITTED IN SUPPORT OF SAID FEES WAS INSUFFICIENT TO SUPPORT SUCH FINDING AS ORDERED DECEMBER 8, 2014 AS UPHELD MARCH 24, 2015.

**{¶13}** "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT RULED IN FAVOR OF PLAINTIFF AND GRANTED $100 IN ACTUAL DAMAGES AND $500 STATUTORY DAMAGES ON FDCPA CLAIMS AS ORDERED JUNE 4, 2010.

**{¶14}** "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ADOPTED THE MAGISTRATE'S DECISIONS OF JUNE 4, 2010 AND DECEMBER 8, 2014."

I.

**{¶15}** Appellants first argue that the trial court abused its discretion by granting appellee attorney fees as appellee failed to meet his evidentiary burden to prove entitlement to any fees. Further, that the fees awarded were linked to the pursuit of the CSPA claims rather than the FDCPA claims.

{¶16} A decision to modify, affirm, or reverse a magistrate's decision lies within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989).

{¶17} An award of attorney fees is within the sound discretion of the trial court. *Rand v. Rand*, 18 Ohio St.3d 356, 481 N.E.2d 609 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶18} 15 U.S.C.A. 1692k(a)(3) provides that, " a debtor collector who fails to comply with any provision of this subdivision * * * is liable to such person in an amount equal to the sum of -- * * * in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." FDCPA attorney fee provisions serve as a deterrent to prevent the prohibited conduct and, thus, it is not unusual in a FDCPA case for the amount of attorney fees to be higher than the damages awarded in the case. *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000).

{¶19} The Ohio Supreme Court has held that rather than forcing a direct relationship between the attorney fees and the amount the consumer recovers, the starting point for the determination of a reasonable amount of fees is the number of hours spent by the attorney multiplied by a reasonable hourly rate, also termed the "lodestar figure." *Bittner v. Tri-County Toyota*, 58 Ohio St.3d 142, 569 N.E.2d 464 (1991). "This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 103

S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once a trial court calculates the "lodestar figure," it can modify the calculation by applying the factors listed in Rule 1.5 of the Ohio Rules of Professional Conduct. *Landmark Disposal Ltd. v. Byler Flea Market*, 5th Dist. Stark No. 2005CA00294, 2006-Ohio-3935. The trial court has the discretion to determine which factors to apply, if any, and what manner the application will affect the initial calculation. *Id.*

{¶20} The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Canton v. Irwin*, 5th Dist. Stark No. 2011 CA 0029, 2012-Ohio-344. To establish the number of hours reasonably expended, the party requesting the fees should submit evidence to support the hours worked. *Hensley*, 461 U.S. at 433. The number of hours should be reduced to exclude "hours that are excessive, redundant, or otherwise unnecessary" in order to reflect the number of hours that would properly be billed to the client." *Id.* A reasonable hourly rate is the "prevailing market rate in the community." *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The party requesting the attorney fees bears that burden "to produce satisfactory evidence – in addition to the attorney's own affidavit – that the requested rate [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895.

{¶21} Appellants argue that the trial court erred in finding appellee submitted sufficient evidence to establish a reasonable hourly rate and the amount of reasonable hours expended. We disagree. Both the magistrate and trial court cite the *Bittner v. Tri-County Toyota* case and the lodestar standard. The magistrate specifically determined

the lodestar figure. With regards to a reasonable hourly rate, appellee submitted recently published surveys from the Ohio State Bar Association and the National Consumer Law Center to establish professional prevailing rates under the Act. The magistrate determined that the publications established that the hourly rate of appellee's counsel was consistent with the prevailing rates. Further, appellee's counsel presented evidence in his affidavit regarding his skill and experience and ability, and specifically details his experience with the type of litigation that is the subject of this case. The magistrate found that appellee's counsel manifested the skill and experience commensurate with his hourly rate. Appellants did not furnish the trial court with any evidence to contradict the evidence presented by appellee that his counsel's rate was in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

{¶22} With regards to a reasonable amount of hours worked, appellee presented his itemized bill for legal fees including the work performed by date, nature, amount of time, and hourly rate so that the magistrate and trial court could determine the reasonableness of these fees. See *Tipton v. Directory Concepts, Inc.*, 5th Dist. Richland No. 13CA61, 2014-Ohio-1215; *Van Horn v. Nationwide Property and Cas. Ins. Co.*, 436 Fed. Appx. 496 (6th Cir. August 26, 2011). The magistrate found the reasonable number of hours worked by appellee's counsel did not include all of the hours included in the itemized billing and awarded appellee only a portion, $11,375, of the $25,081 total requested by appellee. Appellants did not provide the trial court with any evidence to contradict the evidence presented by appellee regarding the number of hours worked.

{¶23} Upon review of the record and evidence submitted, we find the trial court did not abuse its discretion in determining that appellee submitted sufficient evidence to award attorneys' fees.

{¶24} Appellants argue in their brief that the trial court improperly reopened the case so that appellee could submit further evidentiary information on attorneys' fees. However, it is apparent that the above-captioned case was not "closed" for purposes of the trial court's decision on attorneys' fees until the trial court issued its judgment entry of final, appealable order on March 24, 2015.

{¶25} Appellants finally contend that the trial court abused its discretion in awarding appellee attorney fees because the fees awarded were linked to the pursuit of the CPSA claims in addition to the FDCPA claims. We disagree. The magistrate reviewed the itemized billing statements of appellee's counsel and excluded from the attorney fee award fees contained in appellee's counsel's billing statements from October 2008 to June of 2010 because appellee failed to show the work was required for the enforcement of the FDCPA. However, the magistrate determined that appellee met its burden in demonstrating the remainder of the fees were required for the enforcement of the FDCPA. Upon review of the evidence submitted by appellee, we find the magistrate and trial court did not abuse its discretion in this determination.

{¶26} Appellants' first assignment of error is overruled.

II.

{¶27} Appellants next argue the trial court abused its discretion when it ruled in favor of appellee and granted $100 in actual damages and $500 in statutory damages

on FDCPA claims as ordered on June 4, 2010. Appellants specifically contend that the magistrate erred in considering hearsay testimony during the April 16, 2010 bench trial.

{¶28} In 2009, the trial court granted appellee's partial motion for summary judgment, finding that appellee is a consumer obligated to pay money arising out of a transaction for personal, family, or household purposes as contemplated by the FDCPA and that the litigation filed against him to collect a debt was in a judicial district in which he did not sign the contract or reside. The bench trial in April of 2010 conducted by the magistrate with regards to the FDCPA dealt only with damages.

{¶29} We must first address appellants' failure to timely file objections to the June 4, 2010 magistrate's decision. On August 11, 2010, the trial court overruled appellants' objections to the magistrate's decision, finding that appellants' objections were untimely. Appellants filed a motion to reconsider the trial court's finding that the objections were untimely, which the trial court denied on September 9, 2010. The trial court again found the objections to be untimely and found that excusable neglect had not been shown. Appellant has not assigned as error the finding of the trial court that their objections were untimely.

{¶30} When a party fails to timely file objections to a magistrate's decision, Civil Rule 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civil Rule 53(D)(3)(b)." *Tipton v. Directory Concepts, Inc.*, 5th Dist. Richland No. 13CA61, 2014-Ohio-1215.

{¶31} We note, however, that authority exists in Ohio law for the proposition that appellants' failure to object to the magistrate's decision does not bar appellate review for

"plain error." *Id.* However, in appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Kell v. Russo*, 5th Dist. Stark No. 2011 CA 00082, 2012-Ohio-1286, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997); *Pratt v. Easton Technical Products, Inc.*, 5th Dist. Stark No. 2014CA00144, 2015-Ohio-3180. In *Goldfuss*, the Court explained that the doctrine should only be applied in extremely unusual circumstances where the error complained of, if left uncorrected, would have a material adverse effect on the character of and public confidence in the judicial proceeding. 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

{¶32} Upon review, we find this case does not present exceptional circumstances that rise to the level of plain error. Appellants' second assignment of error is overruled.

III.

{¶33} Appellants finally argue that the trial court erred and abused its discretion when it upheld the magistrate's decisions of June 4, 2010 and December 8, 2014. Appellants essentially repeat their arguments contained in the first two assignments of error. Based upon our discussion in Assignments of Error I and II above, we overrule appellants' third assignment of error.

{¶34} Based on the foregoing, appellants' assignments of error are overruled. The judgment entries of the Delaware Municipal Court are affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur